**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 14-00114 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JAMAL HOLLAND | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 43) filed by the Petitioner, Jamal Holland ("Holland"). Holland seeks to have his sentence corrected on the following grounds: (1) that the Court violated Holland's due process right in failing to provide notice of how the Court determined the upward variance in his sentence and; (2) that counsel was ineffective in not objecting to the Court's failure to note how it determined the upward variance in Holland's sentencing. For the reasons set forth in the instant Memorandum Ruling, Holland's Section 2255 Motion is **DENIED**.

**I.   BACKGROUND**

The following facts are taken from the presentence report ("PSR"). See Record Document 25 at 3-4, PSR. On July 13, 2013, a confidential informant met with special agents of the Drug Enforcement Administration (DEA) and Sabine Parish Sheriff's Office investigators. The informant identified Holland as a multi-ounce to pound quantity methamphetamine distributor in the Many, Louisiana area.

On September 18, 2013, the informant arranged a transaction, via telephone, with Holland that was to take place in Many. The transaction occurred at Holland's residence. After the transaction, the informant submitted the suspected narcotics to the DEA agents.

The narcotics were sent to the DEA lab and tested positive for methamphetamine, with a net weight of 27 grams.

On October 3, 2013, a second transaction was arranged through a series of text messages between the informant and Holland. The transaction was captured on video which also showed Holland weighing out the methamphetamine and counting the prerecorded DEA money. After the transaction, the informant submitted the suspected narcotics to the DEA agents. The narcotics were sent to the DEA lab and tested positive for methamphetamine, with a net weight of 27 grams.

The drugs recovered from the informant were forwarded to the DEA's lab for confirmation. The results revealed the methamphetamine purchased September 18, 2013, yielded 21.5 grams of pure methamphetamine; and the methamphetamine purchased on October 3, 2013, yielded 17.9 grams of pure methamphetamine, which totaled 39.4 grams of pure methamphetamine or methamphetamine (actual).

Thereafter, Holland was charged by the federal grand jury for the Western District of Louisiana with two counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). See Record Document 1, Indictment. He pleaded guilty to Count 1. See Record Document 21 and 23, Minutes of Change of Plea Hearing and Plea Agreement. A PSR was ordered. See Record Document 21, Minutes of Change of Plea Hearing.

Based on the quantity of actual methamphetamine, Holland had a base offense level of 28. See Record Document 25 at 4. He then received a three-level reduction for acceptance of responsibility for a total offense level of 25. See id. at 5. In the section entitled "Offense Behavior Not Part of Relevant Conduct," the PSR explained that, when

Holland was arrested, officers searched his home and found marijuana, Xanax, Lortab, and an additional quantity of methamphetamine.[1] See id.

Though he was only 28-years old, Holland had an extensive criminal history that placed him in criminal history category VI. See id. at 2, 9. Holland received no points for his first conviction, possession of a Schedule I controlled substance. See id. at 6. For that crime, he was sentenced to six months of supervised probation, which he failed to satisfactorily complete; his probation was revoked and he was sentenced to six months of incarceration. See id. Less than two years after his first conviction, Holland was arrested for possession of a Schedule I controlled substance. See id. He pleaded guilty, was sentenced to probation, had his probation revoked, and was sentenced to serve two years at hard labor. See id. He received three points for this conviction. See id.

Less than three months after the preceding arrest, Holland was again arrested for possession of a Schedule I controlled substance (second offense). See id. at 7 He was convicted and sentenced to serve four years of supervised probation. See id. His probation was eventually revoked, and he was sentenced to five years at hard labor. See id. Holland received three more criminal history points for this offense. See id.

Less than six months after the preceding conviction, Holland was arrested for distribution of a Schedule II controlled substance. See id. He was convicted and sentenced to seven years at hard labor. He received three criminal history points for this conviction. See id.

---

[1] Agents recovered 10.3 net grams of methamphetamine in the kitchen, 8.8 net grams in the master bedroom closet, and 12.2 net grams in the pocket of a coat hanging in the master bedroom closet. Laboratory testing indicated a total of 18.9 grams of pure methamphetamine.

Holland received two more criminal history points for his conviction for reckless operation and flight from an officer. See id. at 8. He failed to stop after officers activated their lights and sirens, attempted to evade officers during the vehicle pursuit, and fled from officers on foot once he stopped his vehicle. See id.

Less than one year later, Holland was arrested for possession of a Schedule I controlled substance (first offense). See id. at 8. He pleaded guilty and received two criminal history points for this conviction. See id.

Holland received no criminal history points for his 2013 conviction for resisting an officer. See id. at 9. He fled from officers on foot during a traffic stop. See id.

Holland's offense level of 25 and criminal history category of VI yielded an advisory-Guidelines range of 110 to 137 months. See Record Document 25 at 13; Record Document 27 at 1, Sealed Statement of Reasons; Record Document 37 at 2, Sentencing Transcript.

At the sentencing hearing, this Court said it was concerned that the Guidelines calculation did "not really reflect the nature, extent, and length of concerted drug-related crime on criminal conduct. It is simply not adequately captured by the U.S. Sentencing Guidelines." Record Document 37 at 5. The Court also noted that Holland received no criminal history points for the charge of resisting an officer though he had a similar charge of flight from an officer for which he did receive criminal history points. See id.

Holland was sentenced to serve a term of imprisonment of 173 months. See Record Document 26, Sentencing Minutes; Record Document 28 at 2, Judgment; Record Document 37 at 10. The Court said it was imposing the sentence because of Holland's

"consistent, repeated and similar conduct over the years, some of which wasn't even counted …" Record Document 37 at 9, 12. This sentence was designed to send Holland "a message that you cannot continue to do this and you must reform your ways." Id. at 9. Holland "object[ed] to the departure from the guidelines." Id. at 14.

On appeal, Holland claimed "the district court plainly erred by *sua sponte* departing upward from the applicable advisory guidelines range." Record Document 41 at 4, Fifth Circuit Judgment. The Fifth Circuit affirmed. See id. at 5. The Court said that notice of intent to sentence outside of the Guidelines range was not required "because defendants, under an advisory guidelines system, can no longer expect a sentence within an applicable guidelines range." Id. at 4. The Fifth Circuit also noted that this Court's decision was a variance rather than a departure from the Guidelines range. Id. The Fifth Circuit mandate issued on October 20, 2015. See id. at 2. Holland did not file a petition for writ of *certiorari* with the United States Supreme Court.

On October 24, 2016, Holland filed this timely[2] Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See Record Document 43.

---

[2] The statute of limitations for § 2255 filings is one year. 28 U.S.C. § 2255(f). It begins to run from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

## II. LAW AND ANALYSIS

A criminal defendant may attack the validity of his or her sentence under Section 2255 only if that "sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack …" 28 U.S.C. § 2255(a). Review under Section 2255 is generally confined to "questions of constitutional or jurisdictional magnitude." United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012) (citations omitted). It is not a substitute for direct appeal. United States v. McGrew, 397 F. App'x 87, 91 (5th Cir. 2010). Indeed, if a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent." Scruggs, 691 F.3d at 666 (citation omitted). Issues raised and settled on direct appeal are also not cognizable in a Section 2255. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986); United States v. Fields, 761 F. App'x 443, 466 (5th Cir. 2014). "A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994) (citation omitted).

To prevail on claims of ineffective assistance of counsel, a claimant must prove: (1) that his counsel's actions fell below an objective standard of reasonableness and (2)

---

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The judgment of conviction becomes final when the petition for writ of *certiorari* is denied or, in the absence of a petition, when the time for filing the petition has expired (generally 69 days). See Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072, 1074 (2003).

that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Bryant v. Scott, 28 F.2d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, a claimant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687, 104 S. Ct. at 2064. The court is to presume that counsel's actions are encompassed within the wide range of reasonable competence. See id. at 690, 104 S. Ct. at 2065. The defendant may overcome this presumption only by showing that under the totality of the circumstances, counsel's performance was "outside the wide range of professionally competent assistance." Id., 104 S. Ct. at 2066.

Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S. Ct. at 2068; Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. A claimant must demonstrate that counsel's errors "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016, 1021 (5th Cir. 1994) (citation omitted). "A court need not address both components of the inquiry if the defendant makes an insufficient showing on one." Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

**A.      Claim One.**

Holland contends that the Court did not properly explain how it determined the upward variance in Holland's sentence, i.e., why the Court chose thirty six (36) months

above the suggested guideline as opposed to say thirty (30) months. Holland requests this Court to resentence him "with full explanation by the Trial Court as to how and why an additional 36 months are appropriate on top of the upper guideline range under a § 3553 non-guideline sentence to ensure that the sentence is sufficient but not greater than necessary to effect § 3553 factors." Record Document 43-1 at 16, Memorandum in Support of Section 2255 Motion.

Holland cannot obtain relief on the basis that the district court sentenced him above the advisory-Guidelines range or did not fully explain his sentence because these are claims Holland could have raised on direct appeal and did not. United States v. Scruggs, 691 F.3d 660, 666 (5th Cir. 2012) (If a claim is not raised on direct appeal, a Section 2255 movant "may not raise it on collateral review unless he shows cause and prejudice or that he is actually innocent."). Holland attempts to couch his claim as a due process failure by the Court in not providing Holland with proper notice in order to for this Court and the Fifth Circuit to review his claim, but Holland has not shown cause and prejudice or that he is actually innocent. Nevertheless, this issue could have been raised on direct appeal and it was not. Thus, Holland is procedurally barred from asserting this claim in his Section 2255 Motion. Moreover, even if the Court were to find that Holland properly raised this claim on direct appeal, this present claim is almost identical to his claim raised with the Fifth Circuit on direct review that the district court plainly erred *sua sponte* departing upward from the applicable guideline range. See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Accordingly, Holland's claim that is due process rights were violated because

the Court did not properly explain how it determined the upward variance in Holland's sentence is procedurally barred.

**B.     Claim Two.**

Holland contends his trial counsel was ineffective for failing to object to the Court's failure to note how it determined the upward variance. Holland's ineffective assistance of counsel claim fails under both prongs of the Strickland analysis, but the Court will focus on the second prong. See Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."). Under the second prong of the Strickland test, a claimant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).

In the present action Holland has failed to show that the result would have been different had his trial counsel objected to the Court's failure to note how it determined the upward variance. However, the Court finds that it was reasonable for Holland's counsel not to object to the Court failing to note the reasons for its upward variance due to the Court's stated reasons at sentencing. The Court clearly explained its reasons for imposing the upward variance. The Court did not believe the Guidelines adequately "reflect[ed] the nature, extent, and length of concerted drug-related crime [or] criminal conduct." Record Document 37 at 5, Sentencing Transcript. The Court also pointed to uncounted criminal conduct, a long history of substance abuse, and multiple convictions for drug distribution. See id. The Court stated that the 173-month sentence was designed "to send [Holland] a message that [he] cannot continue to do this and [he] must reform [his] ways." Id. at 9.

Even had Holland's counsel objected, the Court finds his argument would have been unavailing based on the Court's stated reasons previously discussed. See Roberts v. Thaler, 681 F.3d 597, 611 (5th Cir. 2012) ("[C]ounsel is not required to make futile motions or objections."). Accordingly, the Court rejects Holland's claim that his trial counsel was ineffective for failing to object to the Court's failure to note how it determined the upward variance.

### III.     CONCLUSION

Holland is procedurally barred from asserting claim one. As to Holland's ineffective assistance of counsel claim, Holland is unable to demonstrate both of the necessary elements of the Strickland test, specifically element two. Therefore, Holland's Section 2255 Motion is **DENIED**.

Pursuant to Rule 11(a) of the Rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because Holland has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, on this the 7th day of May, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT